IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**DAVID GLYNN DURHAM,**

        Petitioner,

v.

**BRAD CAIN,**

        Respondent.

Case No. 2:19-cv-01038-JE

OPINION AND ORDER

**MOSMAN, J.,**

On October 14, 2021, Magistrate Judge John Jelderks issued his Findings and Recommendation ("F. & R.") [ECF 58]. Judge Jelderks recommends that I deny the Second Amended Petition for Writ of Habeas Corpus [ECF 35] and dismiss this case with prejudice. Additionally, he recommends that the Court decline to issue a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(2). Objections were due on November 1, 2021. Petitioner filed objections, [ECF 60], and Respondent filed a brief response, [ECF 61]. I agree with Judge Jelderks.

**STANDARD OF REVIEW**

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court

1 – OPINION AND ORDER

is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F. & R. to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F. & R. depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F. & R. 28 U.S.C. § 636(b)(1)(C).

In his objections to the F. & R., Petitioner argues that Judge Jelderks failed to consider an alleged third instance of a prosecution witness referring to excluded evidence and therefore failed to consider all of the prosecutor's conduct identified as problematic at trial by Petitioner. Obj. to F. & R. [ECF 60] at 8. In advancing this argument, Petitioner urges the Court to take a position he acknowledges no court has ever adopted—that the cumulative impact of non-constitutional errors should be considered. *Id.* at 9. I decline to adopt Petitioner's novel interpretation of the law.

Additionally, as pointed out by Respondent, Judge Jelderks found that petitioner failed to even allege the third claim in his habeas petition. Resp't.'s Resp. [ECF 61] at 1 (citing F. & R. [ECF 58] at 10 n.2 ("In his briefing, Petitioner refers to a third incident involving mention of PD during CID's testimony. Where Petitioner's Second Amended Petition alleges only two instances of improper testimony that referenced PD, he fails to properly plead this claim such that it is not properly before the Court for its consideration."))

## CONCLUSION

Upon review, I agree with Judge Jelderks' recommendation and I ADOPT his F. & R. [ECF 58] as my own opinion. I DENY the Second Amended Petition for Writ of Habeas Corpus [ECF 35] and dismiss this case with prejudice. Additionally, I decline to issue a Certificate of

Appealability on the basis that Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 12 day of December, 2021.

                                                    /s/ Michael W. Mosman
                                                    MICHAEL W. MOSMAN
                                                    United States District Judge

3 – OPINION AND ORDER